UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE HIGHLANDS NORTH CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INSURANCE COMPANY of AMERICA, an Ohio Corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation; AMCO INSURANCE COMPANY, an Iowa Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff The Highlands North Condominium Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1   This is an action for declaratory judgment and monetary damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendants Allied Insurance Company of America, Nationwide Mutual Insurance Company, and AMCO Insurance Company (collectively "Nationwide") insurance policies issued to the Association. The Association is seeking a ruling that Nationwide's policies provide coverage for the hidden damage at the Highlands North Condominium and that Nationwide

is liable for money damages for the cost of repairing hidden damage at the Highlands North Condominium.

  (B) Damages for breach of contract, bad faith, and violations of the Consumer Protection Act ("CPA").

  (C) Attorneys' fees (including expert witness fees) and costs.

  (D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Highlands North Condominium for the common enjoyment of the unit owners. The Highlands North Condominium consists of one residential building with a total of thirty-six units, located at 150 NE 95th Street, Seattle, Washington 98115.

2.2 <u>Allied.</u>  Allied Insurance Company of America ("Allied") is incorporated under the laws of Ohio with its principal place of business in Columbus, Ohio. Allied is registered and authorized to sell insurance in the State of Washington.  On information and belief Allied sold property insurance policies to the Association.

2.3 <u>NMIC.</u> Nationwide Mutual Insurance Company ("NMIC") is a company organized under the laws of Ohio with its principal place of business in Columbus, Ohio.  On information and belief NMIC sold property insurance policies to the Association.

2.4 <u>Amco.</u>  Amco Insurance Company ("Amco") is a company organized under the laws of Iowa with its principal place of business in Des Moines, Iowa.  On information and belief Amco sold property insurance policies to the Association.

///

///

2.5     <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Highlands North Condominium as covered property.

2.6     <u>The Nationwide Insurers</u>. Amco, Allied, NMIC, and Insurance Companies 1-10 shall collectively be referred to as the "Nationwide Insurers." On information and belief the Nationwide Insurers issued property insurance policies to the Association from at least 9/30/2011 to 9/30/2018. On information and belief, policy numbers issued by the Nationwide Insurers to the Association include but are not limited to ACP BPH 7505269236; ACP BPH 7515269236; ACP BPH 7525269236; ACP BPH 7535269236; ACP BPH 7545269236; ACP BPH 7555269236; ACP BPH 7565269236. The policies identify the Highlands North Condominium as covered property.

2.7     <u>The Nationwide Policies</u>.  The policies issued to the Association by the Nationwide Insurers shall be collectively referred to as the "Nationwide Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Nationwide Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Highlands North Insurers.</u> In December 2018, the Association tendered claims to the Nationwide Insurers. In its tender letters, the Association requested that the Nationwide Insurers

provide copies of all policies issued to the Association and that the Nationwide Insurers investigate for hidden damage that may exist at the Highlands North Condominium.

4.3     EA Investigation.  Evolution Architecture ("EA") was retained by the Association to perform an intrusive investigation of the cladding on the exterior of the Highlands North Condominium (the "EA Investigation"). The EA Investigation identified hidden damage caused by water intrusion, and identified the conditions that have allowed water intrusion behind the cladding system. The EA Investigation was conducted jointly with the Nationwide Insurers and with the assistance of McBride Construction on April 23-24, 2019. EA prepared its findings of the EA Investigation in a July 1, 2019 Building Envelope Investigation Findings Report (the "EA Report"). The EA Report identifies hidden damage to the building paper, exterior sheathing, and framing in the exterior walls at the Highlands North Condominium. The loss or damage to the Highlands North Condominium was determined to be incremental and progressive. It was also determined that new damage commenced during each year of the Nationwide Policies. The Nationwide Insurers denied coverage for the Association's claim on August 1, 2019. The Association understands from its experts that the cost to repair covered damage is substantially greater than the jurisdictional limit of $75,000.

## V.     FIRST CLAIM AGAINST THE NATIONWIDE INSURERS FOR DECLARATORY RELIEF THAT THE NATIONWIDE POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Nationwide Policies cover the damage to building paper, exterior sheathing, and framing at the Highlands North Condominium.

(B)     No exclusions, conditions, or limitations bar coverage under the Nationwide Policies.

(C)     The loss or damage to the Highlands North Condominium was incremental and progressive.  New damage commenced during each year of the Nationwide Policies.

(D)     As a result, the Nationwide Policies cover the cost of investigating and repairing the building paper, exterior sheathing, and framing at the Highlands North Condominium.

## VI.   SECOND CLAIM AGAINST THE NATIONWIDE INSURERS FOR BREACH OF CONTRACT

6.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     The Nationwide Insurers have contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Highlands North Condominium.

6.3     The Nationwide Insurers breached contractual duties by wrongfully denying coverage on August 1, 2019 and by failing to pay the cost of repairing the covered damage to the Highlands North Condominium.

6.4     As a direct and proximate result of the Nationwide Insurers' breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of the Nationwide Insurers' breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.   THIRD CLAIM AGAINST THE NATIONWIDE INSURERS FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all

///

///

persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3   The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having reasonable justification, fails to act in good faith.

7.4   The Nationwide Insurers had a duty to investigate, evaluate, and decide the Association's claim in good faith. The Nationwide Insurers breached its duty by unreasonably investigating, evaluating, and denying the claim by, among other things, failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Highlands North Condominium; that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); failing to acknowledge that there is coverage when the damage results from a concurrent combination of rain and bad construction; failing to acknowledge that there is coverage under the resulting loss provision in its policy; ignoring case law in the Western District of Washington that is directly contrary to the coverage positions taken by the Nationwide Insurers; by misrepresenting the Association's maintenance history to its own benefit, and by failing to define key undefined terms it its policy in favor of the Association as required by Washington law.  Instead, the Nationwide Insurers unreasonably denied coverage for any and all hidden damage at the Highlands North Condominium.  The Nationwide Insurers' self-serving denial did not comport with Washington law or the plain meaning of its own policy language, and

put the Nationwide Insurers' financial interests ahead of the Association's to the Association's detriment.

7.5   A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. The Nationwide Insurers' conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require the Nationwide Insurers to provide a reasonable explanation of the relevant facts, law and policy language and how its policy language supported a denial of the Association's claim.
- Which require them to adopt and implement reasonable standards for the prompt investigation of claims.

7.6   The Nationwide Insurers' actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of the Nationwide Insurers' duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII. FOURTH CLAIM AGAINST THE NATIONWIDE INSURERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of the Nationwide Insurers was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of the

Nationwide Insurers' violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Nationwide Policies provide coverage as described herein.

9.2    <u>Money Damages</u>. For money damages in an amount to be proven at trial.

9.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees) and costs. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4    <u>CPA Penalties</u>.  For CPA penalties against the Nationwide Insurers of up to $25,000 per violation.

9.5    <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.    DEMAND FOR JURY TRIAL

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 16th day of October, 2019.

**STEIN, SUDWEEKS & STEIN, PLLC**

*/s/ Jerry H. Stein*
*/s/ Justin D. Sudweeks*
*/s/ Daniel Stein*
*/s/ Colin R. Crug*
Jerry H. Stein, WSBA 27721
Justin D. Sudweeks, WSBA 28755
Daniel J. Stein, WSBA 48739
Colin R. Crug, WSBA 52743
Attorneys for Plaintiff
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jerry@condodefects.com
Email: justin@condodefects.com

Email: dstein@condodefects.com
Email: colin@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***